### HOFFMAN v. CITY OF PORT HURON.

1. EVIDENCE—ANCIENT ROAD—LOCATION.

The maps, plats, and deeds of land referring to a specified road, all traces of which have disappeared, are the best evidence to establish its location.

2. SAME.

Where such evidence was available in an action to recover land described as "lying between the Lake road and the lake," it was error to permit witnesses to give their opinions as to the location of the road, based upon their recollection of where they used to travel in passing along the shore,— especially where no road of any definite or uniform width had ever been cut out.

Error to St. Clair; Eldredge, J., presiding. Submitted June 20, 1896. Decided October 6, 1896.

Ejectment by Wesley L. Hoffman against the city of Port Huron. From a judgment for defendant, plaintiff brings error. Reversed.

*H. W. Stevens* and *A. R. Avery*, for appellant.

*P. H. Phillips*, City Attorney (*Frank Whipple, Atkinson & Wolcott*, and *Chadwick & McIlwain*, of counsel), for appellee.

LONG, C. J.   This cause was in this court at the January term of 1894.   At the October term of that year an opinion was filed, and is found in 102 Mich. 418.   On that trial in the circuit the defendant recovered, and the cause was reversed in this court, and a new trial awarded. The cause has been retried before a jury, and plaintiff again brings error.   The facts are very fully set out in the former opinion, and need not be restated, except as to such facts as are necessarily involved in the questions now presented.

It appears that one John M. Hoffman, on February 6, 1877, made a deed to the city of Port Huron conveying "the south part of fractional section 26, town 7 north, of range 17 east, excepting three acres owned by Holland, two acres owned by Mrs. Hall, one-half acre owned by Mrs. Dorwood, and Fishery No. 1."   The land claimed by the plaintiff, and the title to which is in controversy here, is what is called "Fishery No. 1," and is described as "beginning at the north line of the Lighthouse Reserve on the lake, extending northerly 120 rods north of the north line of the McNeil tract, so called, including the land lying between the Lake road and the lake."   The question in controversy on the present trial, as on the former, was as to the location of the Lake road. Defendant contended on both trials that, by the action of the waters of the lake, the lands had been washed away up to the line, or westward of the line, of the Lake road, so that its land extended to the water's edge, and that in consequence Fishery No. 1, as then described, had no existence, but was, and is now, wholly covered by the waters of the lake.   The plaintiff contends that the Lake road, so called, lies westward of the water's edge some 200 feet at the south end, and about 165 feet at the north

end, and that all the land east of this road is Fishery No. 1. Many of the questions raised upon this record were fully disposed of in the former opinion. Most of the questions now raised relate to the admission of certain evidence, the requests to charge which were refused, and the charge as given.

We are satisfied that the case must be again reversed, and remanded for another trial. In the former opinion it was said that—

"There is no proof that, at the time when Butler conveyed these parcels of land, a highway had been cut out, or graded, or worked, or its location definitely fixed by authoritative action; and, as respects use or travel, the testimony clearly tends to show that the use was not confined to any line within a strip of land from 10 to 30 rods in width. Testimony of that character is admissible only as a *dernier ressort*."

It was further said:

"As between the record of a highway,—being a survey thereof by the proper authorities, or a dedication thereof to the public,—and such a use of the margin along the shore of the lake, which margin is from 10 to 30 rods in width, as is indicated by the testimony of the defendant's witnesses, which use includes the use of the way described in the survey or defined in the plat, the former must prevail."

Other portions of the opinion also point out the uncertainty of the testimony of defendant's witnesses in fixing the line of the Lake road upon the ground, and the conclusion was then reached that reference should be had to the deeds of conveyance, the maps and plats, and surveys, as the most reliable *data* by which to fix the line of the Lake road.

On the present trial the court below permitted the defendant to examine witnesses as to their recollection of where the road was actually traveled in the early days, and again these witnesses say that there was no road cut out, having any definite or uniform width, and they each were permitted to give an opinion as to

where the road was. This testimony was objected to by plaintiff's counsel, but admitted, and we think erroneously, and that it was very prejudicial to the plaintiff's case. Counsel asked the court to charge the jury upon that branch of the case as follows:

"In this case, at the point in controversy, all traces of the road upon the land are gone, and, if any road was actually ever cut out in front of fractional section 26 on the surveyed line of the road of 1837, it is impossible to prove it at this date, and it is also impossible for any person to point out with definite certainty the place where the line of the road ran; and, all traces of the road having disappeared,—provided any was ever located on the surveyed line,—the rule that must now govern is that the field notes, or, in other words, the maps, plats, and deeds, are the best evidence to establish the location of the road at its intersection with the north line of the McNeil tract, and in front of the Robert Holland premises; and the jury are instructed that if they find as a fact that a line run from a point 75 links west from the quarter-post of section 4, following the courses and distances given in the survey of 1837 down in front of the Dorwood half acre, and in front of the Holland three-acre piece, and intersecting the north line of the McNeil tract at a point 11 chains and 13 links from the center of Huron avenue, will give the defendant its full complement of land, and will leave a strip of land on the outside for the fishery, the verdict should be for the plaintiff."

This charge the court refused to give. This was error. There was evidence tending strongly to show that, in taking a measurement from Huron avenue eastward, the defendant had its full complement of land.

In the former opinion it was said that "the presumption is that the highway, as surveyed, was within the government meander lines." In view of this holding, counsel for plaintiff asked the court to charge that "it is undisputed that, if the road is run anywhere inside of the meander line, it will leave a strip of land belonging to the plaintiff east of such line of road; and, in order to defeat the plaintiff's right to recover, it is necessary to

run the center line of the road outside of the meander line, and at least 200 feet east of Holland's fence." This request was refused. It should have been given.

Some question is raised as to the sufficiency of the declaration. That question was not raised on the former trial. It was only after the second trial had commenced that it was raised. The objection is that it does not describe any land with sufficient certainty to entitle the plaintiff to recover. The objection comes very late in the case, but we shall not rest the decision upon that ground, as we think the description in the declaration sufficiently certain.

The only question in the case is whether it is shown by the original surveys, maps, plats, and deeds of conveyance that any land within the lines of Fishery No. 1, as described, is now in existence between the Lake road, as originally laid out, and the waters of the lake. The measurements from Huron avenue, giving defendant its full complement of land, leaving this strip 200 feet wide at the south end, and 165 feet wide at the north end, are very strong evidence of the fact that such lands as Fishery No. 1 are not covered by the waters of the lake. We are also of the opinion that the surveys, maps, plats, and deeds of conveyance show very conclusively that there is a strip of land to which the plaintiff is entitled.

The judgment below must be reversed, and a new trial granted.

The other Justices concurred.