[No. 5579.]

GARDINER v. GARDINER.

**Jurisdiction—Appeal—Divorce and Alimony.**

Where a nonresident defendant in a divorce suit appealed from a judgment for temporary alimony the appellate court acquired jurisdiction over appellant with respect to all matters which could be properly determined on his appeal, and a motion by appellee to require appellant to pay a reasonable sum each month for her support pendente lite and for attorney's fees need not be personally served upon appellant, but service upon his counsel is sufficient to invest the court with authority to act on the motion.

*Appeal from the District Court of the City and County of Denver:*
*Hon. F. T. Johnson, Judge.*

On motion of appellee and cross-motion of appellant.

Mr. J. C. HELM and Mr. JOHN R. DIXON, for appellant.

Mr. J. WARNER MILLS and Mr. ISAAC DUNN, for appellee.

*Per Curiam:*

Appellee commenced suit for a divorce against appellant. From a judgment for temporary alimony the defendant appealed. Counsel for appellee now move that appellant be required to pay a reasonable sum each month for the support of herself and child *pendente lite* and also a reasonable sum as attorney's fees. Notice of such motion was served upon counsel for appellant. Appellant, specially appearing by

way of cross-motion moves to quash such service, for the reason that the service of notice upon his counsel does not give this court jurisdiction of the appellant, who is a nonresident of the state. In support of this motion it is urged that the motion of appellee contemplates a money judgment, and that no such judgment can be entered in the absence of personal service on the appellant.

We do not think there is any merit in this contention. The appellant has submitted his cause to this court. The court therefore has jurisdiction over him with respect to all matters which can properly be determined in his appeal. Service of the notice of motion by appellee upon his counsel is sufficient to invest the court with authority to consider such motion and render such order thereon as may seem proper and just.

The cross-motion of appellant is denied, and he is ruled to further plead to the motion of appellee within fifteen days.          *Cross-motion denied.*