## SIOUX FALLS LIGHT & POWER CO v. COUGHRAN.

A corporation organized under Laws 1903, c. 107, as amended by Laws 1909, c. 152, authorizing the incorporation of electric light, street railway, and power companies, and obtaining from the Secretary of State the usual certificate of authority, is at least a de facto corporation, and the state alone may question its powers as such on the ground that the affidavit attached to the articles of incorporation does not comply with the requisites prescribed by the act.

Laws 1903, c. 107, authorizing the incorporation of electric light, street railway, and power companies, with the power of eminent domain, authorizes an electric light and power company organized under the act to exercise the power of eminent domain.

A petition by an electric light and power company to condemn property for its use as a millrace, which describes the property to be damaged as the bed of the stream below its power plant, commencing at the wheel pit and extending in a northerly direction, and that the bed is to be excavated from 2 to 6 feet in depth, not to exceed

50 feet in width and not more than 600 feet in length, is sufficient, especially where it is stipulated that the damages sustained are nominal only, and under the description the company may excavate from the point indicated in the direction indicated not to exceed 600 feet in length and 50 feet in width, keeping at all times within the bed of the stream.

Laws 1903, c. 107, § 11, authorizing a corporation, formed under the act authorizing the incorporation of electric light, street railway, and power companies, to acquire by purchase, grant, or condemnation and hold and use such real estate and other property as may be necessary for the construction and operation of its business, confers on an electric light and power corporation organized under the act the right to take and damage land for use for its millrace by making excavations in the bed of the stream below its power plant.

Questions not raised by the assignments of error in the record, though discussed, will not be considered on appeal.

(Opinion filed May 31, 1911.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the Sioux Falls Light & Power Company against E. W. Coughran to condemn property for a public use. From a judgment for plaintiff and awarding nominal damages to defendant, he appeals. Affirmed.

*Aikens & Judge,* for appellant.

Respondent is not such a corporation as may invoke condemnation proceedings. Its relation to the public is not of such a character. It is a private concern engaged in a private enterprise over which the public, in none of its political subdivisions, can exercise control, nor a private individual enforce any rights. It can refuse to supply its products to any one it sees fit and can charge for it what it pleases. Berrien Springs Water Power Co. v. Circuit Judge, 94 N. W. 379; Avery v. Vermont Electric Co., 59 L. R. A. 817.

*C. H. Winsor,* for respondent.

Chap. 102 of the laws of 1909 having specifically given the plaintiff the right of eminent domain, and declared that the provisions of the statutes of this state, relating to the exercise of eminent domain by railroad corporations shall apply to the plaintiff and the plaintiff having decided the necessity of the invasion

of the property, it is final and there is no restraint upon the power of the plaintiff, except as to the compensation. C., M. & St. P. Ry. Co. v. Mason et al, 107 N. W. 601; McCook Irrigation and Water Power Co. v. Crews et al., 102 N. W. 248; Crawford County v. Hathaway et al., 93 N. W. 781; Farm Investment Co. v. Carpenter, 61 Pac. 258; The United States v. Rio Grande Dam & Irrigation Co., 174 U. S. 690.

WHITING, J.   The plaintiff brought this action seeking, as a public service corporation, to have certain property condemned for its use as a millrace, whereby to discharge water from its water power plant.   In its petition the plaintiff set forth its corporate existence; the fact that it had been keeping and operating a water power plant at the point therein described for some years; that the dam in connection with said plant entirely crossed the Big Sioux river; that such plant is operated by the water of said river and used for generating electricity for distribution and sale to the public for power, light, and mechanical purposes; that under chapter 180, Laws of 1907, plaintiff had been granted permission to maintain the dam and to appropriate and use a certain quantity of water of said stream; that, in order to increase the headwater, permission has been given to the plaintiff by the state engineer to remove rock from the bed of the stream below this plant.   The petition then sets forth that the defendant is the owner of the land adjoining the stream below the dam, and, as such, the owner of the land under the water at the point where plaintiff has been granted permission to remove the rocks for the purpose of deepening the channel below the power plant; that the removal of said rock is necessary to allow plaintiff to lower its wheel pit and give the extra power permitted to it by the engineer; that the excavation in the removal of such rock will be some 600 feet in length downstream and from 2 to 6 feet in depth and some 50 feet in width.   The petition alleges that plaintiff is possessed of the power of taking and appropriating said property, and that it is determined to exercise such right, and seeks to have a jury impaneled to ascertain the compensation that plaintiff should pay defendant for the damage to his property if there be any damage.   Summons was

issued upon this petition. Defendant appeared and moved to dismiss the petition. In support of said motion, defendant offered, and there was received in evidence, certified copies of the original and amended articles of incorporation of the plaintiff company. It was stipulated in open court that a jury to assess damages was waived, and that, should the motion to dismiss be denied, the court should, as a jury, assess nominal damages in favor of the defendant. The motion to dismiss the petition was denied, and the circuit court entered judgment in favor of plaintiff and assessing defendant's damages at $1. Defendant has appealed to this court and assigns as error the denial of the motion to dismiss petition, as well as the rendition of the judgment, and he bases both of said assignments upon the following grounds: (1) Because the original articles of incorporation of plaintiff company did not have attached thereto, nor was there filed therewith in the office of the Secretary of State, the affidavit provided for by subdivision 5 of section 1, chapter 107, of the Laws of 1903; (2) that the amended articles did not have attached thereto or filed therewith in the office of the Secretary of State the affidavit provided for in subdivision 5 section 1, chapter 152, of the Laws of 1909; (3) because the description of the property proposed to be taken or damaged is inadequate, in that it is not sufficiently definite or certain as to the amount of land sought to be taken or damaged nor as to the meets and bounds thereof; (4) because chapter 180 of the Laws of 1907 does not authorize the taking of or damage to land, but is restricted in its provisions to the taking of water solely, and that land is not an incident to water, but water is an incident only to land, and that therefore any claim by plaintiff of the right to invoke the power of eminent domain under and by virtue of the provisions of chapter 180 of the Laws of 1907 is ineffective.

[1] The first two assignments raised virtually but one question. Chapter 107 of the Laws of 1903, and chapter 152 of the Laws of 1909 (which latter is but an amendment of the former) provide for the incorporating of electric light, street railway, and power companies; and subdivision 5 of section 1 in each of said laws provide the contents of an affidavit that should be attached to the articles of incorporation and signed by three of the incor-

porators.   The affidavit attached to the original articles and to the amended articles of incorporatin as filed by plaintiff cmpany did not comply with said laws, but it stands undisputed that the Secretary of State, as he might have done, did not refuse to accept and file said articles and amendments, but did accept and file the same and issue to plaintiff the usual certificate of authority.   Defendant does not question the corporate existence of plaintiff, but claims that, without such an affidavit attached to plaintiff's articles of incorporation, it was not possessed of the power of eminent domain, which it is conceded it would be possessed of if it had complied with such section.   We are of the opinion that defendant cannot raise this question in this proceeding, as the same would be a collateral attack upon the power of said corporation.   There having been issued to such corporation a certificate of authority under such articles of incorporation, and it clearly appearing by such articles that it was a corporation of a class authorized to be organized under said chapter 107 of the Laws of 1903 and the law of 1909 amendatory thereof, such corporation is, at the very least, a de facto corporation possessed of the powers given by such law of 1903, and it remains with the state alone to question its rights and powers as such corporation.   Peoria & Pekin Railway Co. et al. v. Peoria & Farmington Railway Co., 105 Ill. 110; Reisner v. Strong et al., 24 Kan. 410; People v. La Rue, 67 Cal. 526, 8 Pac. 84.

[2] In his brief the defendant has attacked the said law of 1903 upon the ground that the powers therein given, and especially that of eminent domain, were restricted to street railway companies, and calls attention to the peculiar wording of said law. While it must be conceded that in framing the law in question it has not been made as definite and accurate in its wording as might be wished—it appearing clearly that the law, as originally drafted, was one providing for the incorporation of street railway companies, and was afterwards, by amendment, sought to be extended to include electric light and power companies, and in making such amendments there were many things omitted which had better been inserted in the various sections—yet we think that, taking the whole law together, it should be construed in all of its

provisions, so far as they may be applicable thereto, as relating to electrict light and power companies as well as to street railway companies. Moreover, it will be noted that the appellant, in his assignments, in no manner raised this question raised in the brief.

[3] The description of the property to be damaged is not as full and explicit as might be desired; but it clearly appears that the property is the bed of the stream below the power plant, commencing at the wheel pit of the plaintiff and extending in a northerly direction, and that it is to be execavated from 2 to 6 feet in depth, and not to exceed 50 feet in width, and not more than 600 feet in length. We think this sufficient especially in view of the fact that it is stipulated that the damages are merely nominal. Under such description the plaintiff would be entitled to excavate from the point indicated, in the direction indicated, and a distance not to exceed 600 feet in length and 50 feet in width, keeping at all times within the bed of the stream.

[4] Appellant insists that chapter 180 of the Laws of 1907, by which chapter there is given to the United States, the state, and to any person, private or corporate, the right to acquire, by eminent domain, for public use, property or rights now or thereafter existing, when the same are found necessary for the application of water to beneficial uses, does not authorize the taking or damage to land. We are inclined to the opinion that the law in question was intended not to grant to a party the right, under eminent domain, to acquire water or the use thereof, but to acquire, under eminent domain, those things (such as right of way for channels, flumes, etc.) that may be necessary to enjoy the use and benefit of water—the use or ownership of such water having already been acquired by the party seeking to exercise the right of eminent domain—and that therefore the plaintiff was entitled, under the exercise of the right of eminent domain by virtue of said law of 1907, to take the property sought to be damaged. But, be that as it may, we think the following clause in section 11 of chapter 107 of the Laws of 1903 is intended to relate to corporations such as plaintiff, and that under it plaintiff has full authority to acquire the property sought to be damaged in this proceeding: "Any such

corporation may acquire by purchase, grant or condemnation and hold and use such real estate and other property as may be necessary for the construction and operation of its business, including power houses, car barns, stations, machines and repair shops, and other conveniences reasonably necessary to accomplish the object of its incorporation."

[5] Appellant has discussed at some length the powers of the state engineer as conferred by chapter 180 of the Laws of 1907. The questions so discussed are in no manner raised by the assignments of error contained in the record.

The order of the trial court refusing to dismiss the plaintiff's petition and the judgment of such court are affirmed.