## ROGERS et al. v. PENOBSCOT MINING CO. et al.

The term "appearance" designates the act by which one against whom suit has been commenced submits himself to the court's jurisdiction.

An appearance may be either general or special, and is special if made solely for the purpose of objecting to jurisdiction over defendant's person; the test as to whether it is general or special being in the relief asked, and, in determining the question, the court will look to the substance rather than form.

Defendant's appearance is general if he invokes the power of the court upon any question other than jurisdiction, or, after his objection to the jurisdiction has been overruled, to insure resistance to the cause of action he is required by plaintiff and the court's rulings to involuntarily defend.

An appearance which is general in fact cannot be made special by its designation as a special appearance.

A defendant who has voluntarily appeared generally is estopped to object for want of jurisdiction over his person, whether he is a resident or nonresident, under Code Civ. Proc. § 116, making a voluntary appearance equivalent to personal service of summons upon a defendant.

A voluntary general appearance by a defendant waives all objections based upon defects in service of process or want of process, so that a defendant by demurring to the complaint on the

ground that a certain person was a necessary party plaintiff, and, having him made a party, appeared generally so as to waive want of jurisdiction over his person; an appearance being general if defendant becomes an affirmative actor and invokes jurisdiction upon matters beyond mere resistance of plaintiff's cause of action.

A defendant by answering and counterclaiming voluntarily submitted himself to the jurisdiction of the court so as to waive personal service.

The complaint alleged that plaintiff B. and defendant made a contract providing that B. should secure mining property with defendant's money, and that a corporation should be organized to which defendant should transfer the properties and 300,000 shares of the stock as treasury stock, retaining 200,000 shares himself, 50,000 of which should be transferred to B. for his services; that the corporation was organized and the capital stock issued to defendant, but that thereafter litigation arose, involving title to the property which affected the transfer of the shares to B., whereupon he and defendant agreed that, upon settlement of such litigation, 49,000 shares should be transferred to B., that thereafter B. assigned his right to receive such shares to a company, which assigned its right to the other plaintiffs, but that defendant has refused to transfer to such plaintiffs the shares he agreed to transfer to B., but retains title thereto with the intent of fraudulently appropriating them to his own use, and the prayer was that title to such stock be adjudged and quieted in plaintiffs. **Held,** that the complaint alleged a good cause of action except as to plaintiff B., in whom no interest was shown in the stock.

Where, in an action to have title to stock adjudged to be in plaintiffs, defendant demurred to the complaint on the ground that B. was a necessary plaintiff and had him made a party, defendant was estopped to complain on appeal that title to the stock was adjudged in plaintiff B., instead of the other plaintiffs, defendant having invited any error in having B. made a party.

Defendant cannot complain on appeal that the trial court held a defense set up by him to be good.

Plaintiff can take advantage of material allegation omitted from the complaint, but supplied by the answer.

A motion made at the close of plaintiff's evidence, and again at the close of all the evidence, to dismiss the complaint on the merits, is improper practice in a trial by the court, and is properly overruled.

Where the issuance of a certificate of organization by the Secretary of State is conclusively shown in an action against a corporation and stockholders to have title to corporate stock adjudged and quieted in plaintiff, the validity of the corporate organization cannot be attacked by defendant.

(Opinion filed October 3, 1911.)

Appeal from Circuit Court, Lawrence County; Hon. WILLIAM G. RICE, Judge.

Action by Burt Rogers and others against the Penobscot Mining Company and others. From a judgment for one plaintiff, defendant named and another take separate appeals. Affirmed.

See, also 26 S. D. 52, 127 N. W. 471.

*McLaughlin & Ogden* and *A. J. Plowman,* for appellants. *Martin & Mason* and *Chambers Kellar,* for respondent.

McCOY, J. Originally, at the time this suit was instituted, Burt Rogers, Sol Rosenthal, J. G. Thomas, R. M. Maloney, R. T. Babney were the only plaintiffs. Subsequently, by amendment, Frank R. Byrns and the United States Mines Company became plaintiffs. After being twice amended, the complaint on which this action was tried was substantially as follows: That in 1902 Frank R. Byrns and the defendant Maitland entered into a contract whereby it was agreed that Byrns should secure in the name of and with the money of Maitland certain mining properties situated in Lawrence county; that a mining corporation should be organized with $500,000 capital stock, divided into 500,000 shares of $1 each; that Maitland upon the organization of said corporation should transfer said mining properties to the corporation, and that the entire corporation stock should be issued to Maitland, and that he should transfer 300,000 shares to the treasury of said corporation, and retain the other 200,000 shares himself; that 50,000 of the said shares retained by Maitland should be transferred to Byrns in consideration for his services in securing said mining properties. That, in pursuance of said contract, Byrns did secure said mining properties and said corporation was organized with said capital stock and named "The Penobscot Mining Company," with Maitland as president, Byrns as vice president, and one Traver as secretary. That the entire capital stock was issued to Maitland, and he transferred 300,000 shares thereof back to the treasury of said corporation. That after the organization of said corporation litigation arose with one Bradburn in relation to the title of said mining property which affected the transfer of said 50,000 shares to Byrns for his services in securing

said property. That on February 2, 1903, Maitland, Traver, and Byrns by written contract agreed that, upon settlement of the litigation with Bradburn, 49,000 shares of said stock should be transferred to Byrns. That after the execution of this last-mentioned contract Byrns assigned his rights to receive said 49,000 shares thereunder to the United States Mines Company, a Colorado corporation. That thereafter the United States Mines Company sold and transferred and assigned its right to receive said shares under said contract to plaintiffs Burt Rogers 2,500 shares, Sol. Rosenthal 7,000 shares, R. M. Maloney, 1,800 shares, R. T. Dabney 3,000 shares, and Rosenthal thereafter assigned 2,500 shares to J. G. Thomas, and all the balance of the right to the 49,000 shares excepting 1,700, were assigned by the United States Mines Company to the defendants Carr and McArthur. That Carr and McArthur thereafter transferred and assigned their right to receive said shares to defendant Maitland. That said litigation with Bradburn has been settled. That said Maitland learned that said mining properties were of greater value than thought to be at the time of making said contracts, and in violation of his contracts has refused to transfer said shares to the plaintiffs, or the United States Mines Company, but continues to retain the title thereto in his own name with the purpose and intention of wrongfully and fraudulently appropriating the same to his own use. That defendant Maitland claims and pretends that no such corporation was ever organized, and wrongfully repudiates said contracts, and keeps the said books and records of said corporation without the state of South Dakota. That plaintiffs have made demand upon defendant Maitland for said shares of stocks, and the same refused. Plaintiffs pray relief (1) that they be adjudged to be the owners of said respective shares of stock, and that their title thereto be quieted and confirmed, and that defendants be decreed to have no title or intertest therein; (2) that 16,000 of the shares of said capital stock issued to and retained by said Maitland be canceled, and that the Penobscot Mining Company be required to issue and deliver to plaintiffs certificates for the respective number of shares of stock belonging to them; (3) that plaintiffs have such other relief as may be just.

It will be observed that this second amended complaint relates solely and simply to the ownership and right to certain shares of corporate stock, being a part of the 49,000 shares agreed to be transferred to Byrns under said contracts, the right to which shares Byrns had prior to the commencement of the action assigned to the United States Mines Compony, and the right to a part of which shares the United State Mines Company had transferred to the original plaintiffs. The defendants Maitland and the Penobscot Mining Company separately answered, denying the allegations of the complaint and setting up various affirmative defenses, among which was the defense that the United States Mines Company was a foreign corporation, and had not complied with the laws of this state relating to filing a copy of its articles of incorporation, and the appointment of a resident agent upon whom service might be made, and that, by reason thereof, the said assignments of the  right to receive said shares of stock were void and of no effect. The cause was tried to the court without a jury and findings made in favor of the plaintiffs upon all the issues, excepting that the court found that the assignment made by Byrns to the United States Mines Company and the assignments made by the United States Mines Company to the original plaintiffs herein were void, on the ground that the United States Mines Company was a foreign corporation and had not complied with the laws of this state, and the court thereupon rendered judgment in favor of Byrns alone, and decreed to him alone the relief prayed for in the second amended complaint. The defendant Maitland and the Penobscot Mining Company separately appeal.

The first question presented is one of jurisdiction. Each of these appellants contends that the court never had in any manner acquired jurisdiction of the person of either of these defendants. It appears from the record that plaintiffs attempted to serve summons upon defendant Maitland by publication, and that the order for publication contained the provision that, in lieu of publication in a newspaper, personal service on Maitland might be made outside of the state. This order for publication was based on an affidavit stating, among other things, "that this ac-

tion relates to real property within this (Lawrence) county, and state, in which real property the defendant Alexander Maitland claims an interest, and that the relief demanded by plaintiff con sists partly in excluding the said defendant from any interest therein and that said defendant is a proper party to this action, all of which will further appear from the verified complaint herein, which is hereto annexed and made a part of this affidavit." The original complaint contained allegations that defendant Maitland had not transferred to the Penobscot Mining Company the title to said mining properties, and a part of the relief demanded was that he be required to transfer said title, but, on motion of plaintiffs' attorneys, this portion of the complaint was stricken out. Under this order for publication, the summons and complaint were personally served upon the defendant Alexander Maitland within the state of Michigan, on July 29, 1904. On the 19th day of August, 1904, the defendant Maitland appeared specially and obtained an order to show cause why the said service on him should not be quashed and set aside. This order to show cause or motion was overruled and denied. After the denial of this motion to quash service, plaintiff on September 30, 1904, again caused the summons and complaint to be personally served on the defendant Maitland within the state of Michigan, and this defendant again moved the court to quash said last service, and which said last motion to quash was overruled. Thereafter this defendant appeared by what he denominated a "special" appearance and moved the court to require plaintiff to state the different causes of action in the complaint separately, and to make the same more definite and certain, and which motion was granted. Plaintiff did not comply with this order, but moved the court to dismiss that cause of action set forth in plaintiffs' complaint which seeks to compel a transfer and conveyance by defendant Maitland to the Penobscot Mining Company of certain mining claims, and to amend the summons and complaint by joining thereto other parties as plaintiffs and defendants. This motion was granted, and the summons and complaint accordingly amended by joining the United States Mining Company as plaintiff and four other parties as defendants. The amended summons was not

served upon either of appellants. Thereafter defendant Maitland again appeared by what he denominated a "special" appearance, and demurred to the said complaint on various grounds, among which was nonjoinder of parties plaintiff, which ground of demurrer was sustained, and the court thereupon made an order that Frank R. Byrns be made a party plaintiff. Plaintiffs thereafter, without amending the original or amended summons, served and filed a second amended complaint, in compliance with the order of the court, by making Frank R. Byrns a party plaintiff, to which this defendant Maitland again appeared by what he denominated a "special" appearance, and demurred to the second amended complaint; one of the grounds of demurrer being that said complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled. Defendant Maitland again appeared by what he denominated a "special" appearance, and served and filed an answer to plaintiff's second amended complaint. The cause then proceeded to trial on the issues thus formed. We are clearly of the opinion that the contention of the defendant Maitland that the court never acquired jurisdiction over his person in this case is wholly without merit.

[1-5] The term "appearance" is used particularly to signify the act by which a person against whom suit has been commenced submits himself to the jurisdiction of the court. An appearance may be general or special. It is special if made for the sole purpose of objecting to the jurisdiction of the court over the person of defendant. 3 Cyc. 502. If the defendant invoke the judgment of the court in any manner upon any question other than that of the jurisdiction of the court, or in resistance of the cause of action he is called upon by plaintiff and the rulings of the trial court to involuntarily defend, the appearance is general. 3 Cyc. 514, 515; South Omaha Bank v. Bank, 45 Neb. 29, 63 N. W. 128; Bankers' Ins. Co. v. Robbins, 59 Neb. 170, 80 N. W. 484; Ramsdell v. Duxberry, 17 S. D. 311, 96 N. W. 132; Benedict v. Johnson, 4 S. D. 387, 57 N. W. 66; Lower v. Wilson, 9 S. D. 254, 68 N. W. 546, 62 Am. St. Rep. 865; Fisher v. Crowley, 57 W. Va. 312, 50 S. E. 422, 4 Am. & Eng. Ann. Cas. 290. If the defen--

dant becomes an affirmative actor in the proceedings and invokes the jurisdiction and power of the court in his own behalf upon matters outside of and beyond pure resistance of the plaintiff's cause of action, his appearance becomes general, and he thereby submits to the jurisdiction of the court. The test as to whether an appearance is special or general is the relief asked; and in determining the character of an appearance the court will always look to matters of substance rather than to matters of form. Reedy v. Howard, 11 S. D. 160, 76 N. W. 304; Deming v. Ely, 21 Wash. 102, 57 Pac. 353. If the appearance in effect is general, the fact that the party making it characterizes it as a special appearance does not alter its effect. Scarlett v. Hicks, 13 Fla. 314; Nicholes v. People, 165 Ill. 502, 46 N. E. 237; Crawford v. Foster, 84 Fed. 939, 28 C. C. A. 576, 56 U. S. App. 231. A voluntary general appearance is equivalent to a personal service of the summons upon him. Section 116, Code Civ. Proc.; Ramsdell v. Duxberry, supra; Bowler v. Bank, 21 S. D. 449, 113 N. W. 618, 130 Am. St. Rep. 725. A defendant who has voluntarily appeared generally in an action is estopped to object for want of jurisdiction over his person, and it is immaterial whether he is a resident or a nonresident. 3 Cyc. 514, 515; German Bank v. Insurance Co., 83 Iowa, 491, 50 N. W. 53, 32 Am. St. Rep. 316; Ferguson v. Oliver, 99 Mich. 161, 58 N. W. 43, 41 Am. St. Rep. 593; Frankel v. Creditors, 20 Nev. 49, 14 Pac. 775; Gardiner v. Gardiner, 35 Colo. 147, 83 Pac. 646; Grant v. Birrell, 35 Misc. Rep.768, 72 N. Y. Supp. 366; Pond v. Vermont Ry., 12 Blatchf. 280, Fed Cas. No. 11,265.

[6] It follows, therefore, that any objection based on the want of process, or service thereof, or on defects of whatever nature in the service of process, it being immaterial whether the defendant was served personally or whether he was served by publication, is waived by a voluntary general appearance on the part of defendant. 3 Cyc. 517. We are therefore of the opinion that when the defendant Maitland demurred and objected to the first amended complaint on the ground that Frank R. Byrns was not a party therto, and thereby procured from the court, against the resistance of plaintiffs, an order requiring that said Byrns be made

a party plaintiff, this defendant became an affirmative actor in the suit, and thereby invoked the power and jurisdiction of the court on his own behalf and for his own ends and purposes upon a matter outside of and beyond the pure resistance of the cause of action plaintiffs had brought into court and compelled him to involuntarily defend. He might resist the cause of action as presented by plaintiffs to the final end by answer, demurrer or other proper procedure, without waiving his exception to the overruling of his objection for want of jurisdiction, but he must not go farther and invoke the power of the court to bring into the controversy for determination other matters outside of necessary resistance of plaintiffs' case, as it would be eminently unfair and prejudical to a plaintiff who was thus compelled to litigate such other matters to a final result, and, after favorable decision thereon, to then have defendant say that the court never had jurisdiction over his person and seek a reversal and new trial of the cause upon that ground. Frank R. Byrns was not originally a party plaintiff in this action. The court had no jurisdiction over him at the commencement of this proceeding. Byrns was brought into this action and the court given jurisdiction over his person not by the act of the original plaintiffs who sought to acquire jurisdiction over the defendant Maitland by substituted service, but by the act of the defendant himself. Whatever interest, if any, Byrns had in the subject-matter of the action was hostile to the original plaintiffs. Byrns alone has recovered a judgment in his favor, and the original plaintiffs completely shut out. The original plaintiffs are not before this court on appeal from the judgment. The defendants are not now in a position to urge the reversal of the judgment for the want of jurisdiction over their persons as against Byrns who was brought into the court by the action of defendants against the will and consent of the original plaintiffs.

[7] We are also of the opinion that when the defendant Maitland made answer setting up various counterclaims, demanding judgment thereon, he thereby voluntarily submitted his person to the jurisdiction of the court for all intents and purposes as

fully and completely and with the same force and effect as if the summons had been duly and personally served upon him within this state. Lower v. Wilson, supra. We are also of the opinion that the defendant the Penobscot Mining Company voluntarily submitted to the jurisdiction of the court by similar methods and acts as defendant Maitland, and that the court had jurisdiction over the persons of both appealing defendants for the purposes of rendering the judgment from which the appeal is taken.

The appellants contend that the court erred in making and entering an order overruling the demurrer to the second amended complaint. This demurrer was on the grounds (1) that said complaint does not state facts sufficient to constitute a cause of action in favor of plaintiffs and against defendants; (2) that the said complaint does not state a cause of action in favor of Frank R. Byrns against the defendants.

[8, 9] We are of the opinion that the second amended complaint states a good cause of action in favor of plaintiffs, excepting Frank R. Byrns. The complaint on its face fails to show any interest or right in Byrns to the corporate stock which is the subject of this action. Frank R. Byrns was not a party to the first amended complaint. Both appellants demurred and objected to the sufficiency of the first amended complaint, which was the same as the second amended complaint, except that Frank R. Byrns was not a plaintiff thereto, on the specific ground, among others, that Frank R. Byrns was a necessary plaintiff, and that the complaint was defective because he was not made a party thereto. The court sustained this demurrer and objection only as to this particular ground, and entered an order requiring plaintiffs to amend the first amended complaint by making Frank R. Byrns a party thereto. This error was invited into the case and caused by defendants, and of which they should not now be heard to complain. It would not seem to be proper for this court to now permit defendants to change front, and base error upon what they themselves procured and cause to be done in the trial court. Grigsby v. Wopschall, 25 S. D. 546, 127 N. W. 506; Port Huron Co. v.

Iverson, 22 S. D. 314, 117 N. W. 372, 133 Am. St. Rep. 920; 3 Cyc. 243. Neither of the appeliants are in a position to urge that the judgment is in favor of the wrong party plaintiff, that the court erred in finding and rendering judgment that Frank R. Byrns, instead of the original plaintiffs, was the owner of and entitled to receive 17,500 shares of said stock by reason of the invalidity of the assignment of the right to receive said stock. The original plaintiffs by their first complaints did not consider Byrns a proper party plaintiff. The defendants demurred and objected to the sufficiency of such complaint on the specific ground that Byrns was not made a party thereto. The court, by order, sustained defendants' objection, and required plaintiffs to amend their complaint by making Byrns a party. Defendants then by their answer attacked the validity of the assignments of the right to said shares of stock made by Byrns to the United States Mines Company and by the United States Mines Company to the original plaintiffs, on the ground that the United States Mines Company had not complied with the law of the state thereby rendering said assignments void and of no effect, the necessary effect of which, if it consituted a defense against the original plaintiffs, was, on the face of the pleading, to show that the interest of Byrns in said shares of stock had not in fact been assigned and transferred, but still remained in him, because the assignments mentioned in the complaint were void.

[10, 11] Whether right or wrong, the trial court held this to be a good defense of which ruling the appellants cannot be heard to complain. Whatever allegations of the complaint were wanting to show title or interest in Byrns were kindly supplied and aided by the allegations of the answer. Bliss, Code Pl. § 437. The trial court held with defendants in this theory and found that said assignments were void and of no effect, thereby leaving the right to receive said shares of stock still in Byrns, and thus in effect holding that the original plaintiffs had no legal interest therein. Whether the trial court was right or wrong (a point which is unnecessary to here decide) in making this finding cannot now be questioned by defendants. 3 Cyc. 243.

The original plaintiffs might have excepted to said findings and alleged error thereon, but the original plaintiffs are not appealing or raising any question as to the correctness of such ruling.

[12] Appellants also assign as error the overruling of the motions made by them at the close of plaintiffs' testimony, and again at the close of all the testimony, to dismiss the complaint upon the merits. Under the former decisions of this court such a motion constitutes improper practice on a trial before· the court without a jury, and was properly overruled. Northwestern El. Co. v. Lee, 15 S. D. 114, 87 N. W. 581; Thomas v. Issenhuth, 18 S. D. 303, 100 N. W. 436.

[13] Appellants made many objections and exceptions to the findings of fact by the trial court, all of which have been examined and considered. Appellants proposed findings of fact in their favor, which were refused by the trial court, and to which the appellants excepted and assigned such rulings as error, have also been considered. We are of the opinion that no reversible error exists, and that there was ample evidence offered to sustain the findings and judgment of the court. Much time and space has been occupied and many objections and exceptions made by appellants in attacking the organization and existence of the Penobscot Mining Company, but, where the conclusive and uncontradicted testimony shows that the certificate of organization was issued by the Secretary of State, the appellants are not in a position to question such organization in an action of this character. Sioux Falls Light & Power Co. v. Coughran, 131 N. W. 504. We are also of the opinion that the findings were sufficient to sustain the judgment, and substantially find upon and dispose of all the material issues presented by the pleadings. It would serve no useful purpose to express our views on all the various questions presented and discussed in the 2,000 pages of briefs and abstracts, and, besides, it would extend this decision to an unreasonable and impracticable length. That we have not specifically mentioned in this decision questions presented by the abstracts and briefs does not indicate that we have overlooked or failed to consider such questions.

The judgment of the cicuit court is affirmed.