STATE, Respondent v. SAYER et al, Appellants.

(177 N. W. 807.)

(File No. 4680.   Opinion filed May 24, 1920.)

1.   **Eminent Domain—Appropriation by Game and Fish Commission, Strip Adjoining Highway—Complaint by State, Parties Defendant, General Demurrer, Question Not Raised.**

Under a general demurrer to a complaint by state against owner of realty adjoining the highway, for condemnation for use by State Game and Fish Commission, held, that, the demur-

rer not being grounded upon a defect of parties defendant, the question whether other parties should have been joined is not before the Court. Held, further, that, as the complaint alleges that the defendants are the owners and only persons interested in the realty or having any claim of right, etc., in the premises, the general demurrer admits that all persons owning or interested in the particular property proposed to be taken or affected are made defendants.

2.   Same—Condemning Strip by Highway, Incidental Lowering of Lake Water, Riparian Owners, Whether Necessary Defendants—Sustaining Demurrer, Non-prejudicial.

Nor is the contention, made by defendants, that the Game and Fish Commission is without authority to raise water in lake bed above low water mark by artificial means, and that state cannot take flood water from Big Sioux River, without condemnation proceedings against riparian owners, and that therefore and that such riparian owners should be made parties defendant, tenable; since the rights of defendants are not dependent upon or connected with rights of such riparian owners; defendants having no rights in such riparian property; and overruling the demurrer to complaint cannot result in prejudice to appellant. Held, further, that none of the questions raised concerning parties defendant could be properly raised by demurrer.

3.   Same—Dormant Power of In State, Express Legislative Authority Necessary—Condemnation for Game and Fish Commission— "Statutory Condemnation" as Taking, Damaging, Property, Rule Stated—Power to Cause Incidental Damage.

In construing Laws 1917, Ch. 250, Sec. 1, (Sec. 10439, Rev. Code 1919,) authorizing State Game and Fish Commission to "acquire and condemn" private property for public uses and purposes, and applying the rule that power of eminent domain lies dormant in the state until legislative authority for its exercise is given, which authority must be strictly construed, held, that the authority conferred by said section is one to acquire and condemn private property; the word "condemn" thus used meaning the taking or damaging of private property under right of eminent domain, and said section conferred upon said Commission authority to exercise power of eminent domain for purposes contemplated by the act, that authority to condemn carries with it everything incident to exercise of such power, including physical appropriation, and also power to cause incidental damages to persons whose property may be damaged.

4.   Same—Authority to Condemn by Taking or Damaging, As Condemnation with Compensation—Constitutional Provision.

The authority to condemn land by taking or damaging it

means condemnation with just compensation, otherwise the statute authorizing condemnation proceedings would conflict with the Constitution declaring that private property shall not be damaged or taken for public use without just compensation.

5. **Same—Title Vested in State, Grant of For Public Purpose, Whether Exercise of Eminent Domain—Necessity for Appropriation, Compensation as Incident.**

The grant for public purpose, of property, title to which is vested in state, is not an exercise of power of eminent domain. But where such grant by state, to one authorized to exercise power of eminent domain, involves necessity for appropriation of private property as incidental to such use, etc., compensation must be made for appropriation of, or damage to, such property.

6. **Same—Taking, Damaging, For State Game and Fish Commission —Appropriation of Fund For—Statute Creating Fund, Whether a Legal Appropriation—Statutory Appropriation, Sufficiency.**

Where the petition by state for condemnation of realty for use by State Game and Fish Commission, alleges existence of a State Game and Fish Fund, and in view of Laws 1915, Ch. 203, creating such fund, and authorizing use thereof for purpose of enforcing game laws, etc., the fact that the statute does not specifically provide for payment of damages in condemnation proceedings, does not prevent Legislature from appropriating therefrom to pay damages; and moreover, Laws 1917, Ch. 250, appropriated money in said fund for such purposes; and this is a sufficient appropriation.

7. **Riparian Rights—Condemnation for State Game and Fish Commission, Right to Divert Water, Whether Involved in Condemning Non-riparian Property.**

The question whether the state may divert water from any stream, is not involved in a proceeding by the state for condemnation of realty adjacent to a highway for use by State Game and Fish Commission, which proceeding involves no right to divert waters in which riparian owners have vested rights; and such question is not involved in the present proceeding.

8. **Eminent Domain—Condemnation, Resolution of Necessity of Condemnation and Appropriation—Resolution Construed re Sufficiency.**

Where a resolution by State Game and Fish Commission declared that it was necessary to construct a ditch or conduit upon the land therein described for purpose of conveying flood water, "and that it is necessary to take, damage and appro-

priate said land for the purpose of preserving and propagating game and fish upon and within said lakes, and that said lands shall be condemned for such public use," and also contains full recitals upon which declaration of necessity is founded, the resolution is sufficient as against objection that it was not adopted because the Commission deemed it necessary to condemn land, but merely because it appeared that "it might be done."

Appeal from Circuit Court, Hamlin County. Hon. William N. Skinner, Judge.

Proceeding by the State of South Dakota for condemnation and appropriation of a strip of land for use by the State Game and Fish Commission. From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

*Hanten & Hanten*, and *Arthur R. Hendrickson*, for Appellant.

*Byron S. Payne*, Attorney General, and *V. R. Sickel*, Assistant Attorney General, for Respondent.

(3) To point three of the opinion, Appellant cited: 15 Cyc. 567; secs. 10439, 10440, Rev. Code 1919; Searle v. City of Lead, 10 S. D. 312, 73 N. W. 101, 39 L. R. A. 345.

Respondent cited: Laws 1917, ch. 250, sec. 2; Sec. 10440, 10437, Rev. Code 1919; Laws 1913, ch. 213.

(4) To point four, Appellants cited: Const. Art. 6, Sec. 13.

(6) To point six, Appellants cited: Secs. 2938, 2939, Code Civ. Proc. 1903; Secs. 2946, Rev. Code 1919; Laws 1915, ch. 203.

SMITH, J. Proceeding for condemnation and appropriation of a strip of land 100 feet wide adjoining a public highway "to the extent that the same is deemed necessary for the proper discharge of the duties and functions devolving upon the state game and fish commission."

The proceeding is pursuant to the provisions of Chapter 250, Session Laws of 1917, which was in force when said proceedings were begun, and is conceded to be controlling upon this appeal. Section 1 of the act provides:

"That the state game and fish commission * * * shall have, and said commission is hereby granted, power and authority to acquire and condemn private property within the state, * * * for public uses and purposes, whenever, and to the extent the same

shall be deemed necessary for the proper discharge of any of the duties or functions now devolving upon said commission."

Section 2:

"When said game and fish commission shall deem it necessary to damage or condemn any private property for any of the purposes mentioned in section one of this act, the said commission shall by proper resolution declare such damage or condemnation necessary to be made, stating the purpose thereof and the extent of such appropriation, and shall communicate such resolution to the Attorney General, and thereupon the proceedings for such condemnation and appropriation shall be had as provided in chapter 40 of the Revised Code of Civil Procedure and acts amendatory thereto, in the name of the State of South Daokta as plaintiff."

By section 3 lands so acquired are to be taken and held in the name of the state of South Dakota.

Section 4:

"Payment for lands acquired under the provisions of this act, including the costs and expenses of condemnation proceedings, shall be paid out of the game and fish fund of this state, and such part of said fund as may be necessary are [is] hereby appropriated for the purposes hereinbefore stated, and the state auditor shall issue warrants upon the state treasurer against said funds upon vouchers duly approved by the state game and fish commission."

The petition recites that the proceeding is based upon chapter 250, Laws of 1917, and chapter 40 of the Code of Civil Procedure, which provides the mode of appropriating and condemning private property for public uses or purposes; that the game and fish commission prior to the beginning of said proceeding by proper resolution declared the damage and condemnation of the property necessary to be made, stating therein the purpose and extent of such appropriation, and communicated such resolution to the Attorney General. The resolution referred to is attached to the petition and made a part thereof. The petition further alleges that the use of said land for the construction of canals, ditches, and conduits, dams and headgates thereon in order to maintain the water in Lake Poinsett and Dry Lake at suitable depths for preservation and propagation of fish and game therein is for a public use and purpose, and necessary for the proper discharge of the

4—Vol. 43, S. D.

duties and functions devolving upon said commission; that the defendants are the owners and only persons interested in the described real estate, and constitute all the persons who have or claim any right or title or interest in or lien or incumbrance upon said premises; that the petitioner is unable to agree with said owners upon the value of said lands, or to agree upon a just and equitable compensation for damaging, appropriating and condemning said property; that the petitioner has surveyed and located its route for canals, drains, and ditches over the lands described; that the strips so surveyed and necessary to be acquired are accurately described in said petition; that the Legislature has appropriated and the state game and fish commission has available funds sufficient to pay the amount to be awarded, and demands a jury to assess just compensation under chapter 40 of the Code of Civil Procedure, relating to condemnation proceedings. The resolution referred to recites that Lake Poinsett and Dry Lake are public bodies of water contiguous to each other, with a waterway between; that the source of water supply for both consists of surface waters from rainfall, and of flood waters from the Big Sioux river, which are drained into said lake through a natural inlet; that said inlet has become partly filled, so that the flow of flood water from said river into Lake Poinsett has been greatly retard, and by said diminution of water supply said lakes at certain seasons of the year become unsuitable for the preservation and propagation of game and fish, and that it appears to said commission that the waters of said lake may be maintained at a suitable depth for such purposes, never in excess of ordinary high-water mark, by the conveying a portion of the flood waters of the Big Sioux river to said lakes by means of a properly constructed ditch or conduit; that said ditch or conduit may be constructed adjacent and parallel to the section line of the south side of the S. E. quarter of section 25, etc., and the south side of section 30, etc. (the land sought to be condemned), to a point where said ditch or conduit will intercept a well-defined water course emptying into said Dry Lake, etc.:

"Therefore be it resolved and declared by the state game and fish commission that it is necessary to construct a ditch or conduit upon the land hereinafter described, for the purpose of conveying flood waters (as above set forth), and that it is necessary to

take, damage and appropriate said land * * * for the purpose of preserving and propagating game and fish upon and within said lakes, and that said lands shall be condemned for such public use."

Then follows a particular description of the lands as described in the petition.

To this petition the defendants demurred upon three grounds: First, that the court has no jurisdiction of the subject of the action or to permit the condemnation and taking of defendants' property; second, that the plaintiff has not legal capacity to sue or prosecute under said petition; third, that the petition does not state facts sufficient to constitute a cause of action or to warrant the court to assume jurisdiction and proceed with the condemnation of the property described in the petition. The trial court over-ruled the demurrer, and defendants appeal.

[1] Appellants contend that the owners of land bordering on the lakes and of riparian lands on the Big Sioux river are necessary parties to these proceedings, and for that reason there is a defect of parties defendant. It is sufficient to observe that the demurrer is not grounded upon a defect of parties defendant, and for that reason the question is not before us. Appellants further contend that the state game and fish commission is without authority to raise the water in lake beds above low-water mark by artificial means, and that the state cannot take flood waters out of the Big Sioux river without condemnation proceedings against and just compensation made to, all persons who are owners of land on the river or on the lake shores.

[2] The demurrer admits that all persons owning or interested in the particular property proposed to be taken or affected by these proceedings are made defendants. The rights of these defendants are in no manner dependent upon or connected with the rights of riparian owners, and the overruling of the demurrer therefore cannot result in prejudice to appellants.

We are of the view, moreover, that none of these questions are or could properly be raised by demurrer to the petition. The only object of the proceeding is the condemnation of the particular property as necessary for the construction of ditches or flumes through which to convey waters for a purpose within the authority and control of the commission, and the defendants are not

shown to have any interest whatever in the source of supply or the use to be made of such waters.

[3, 4] Appellants further contend that the power of eminent domain lies dormant in the state until the Legislature authorizes its exercise by the state directly, or by some of its agencies upon which such authority is expressly conferred, and that such legislative authority must be strictly construed—citing 15 Cyc. 567. Applying this rule to section 1, c. 250, Laws of 1917, appellants insist that the only authority conferred upon the state game and fish commission is authority to acquire or condemn private property; that there is nothing in the act tending to show a legislative intention to authorize the damaging of private property, or to compensate an owner who may suffer damage other than that resulting from the physical appropriation of his property. The statute declares that the state game and fish commission shall have and is granted power and authority to acquire and condemn private property within the state for public uses and purposes, etc. The word "condemn," thus used, means the taking or damaging of private property under the right of eminent domain. St. Louis etc., R. Co. v. Foltz (C. C.) 52 Fed. 627. To "condemn land is set it apart or expropriate it for public use." The authority to condemn land by taking or damaging it necessarily means a condemnation with just compensation; otherwise the statute would be in conflict with the Constitution of this state, which declares that private property shall not be damaged or taken for public use without just compensation. In re Regheimer (D. C.) 36 Fed. 369.

[5] It is clear, therefore, that the Legislature intended to and did confer upon the game and fish commission authority to exercise the power of eminent domain for purposes contemplated by the act. Authority to condemn necessarily carries it with everything incidental to the exercise of such power, including not only the physical appropriation of property, but also the power to cause incidental damages to any person whose property, though not taken, may be damaged thereby. Searle v. City of Lead, 10 S. D. 312, 73 N. W. 101, 39 L. R. A. 345. The Constitution itself, however, conditions the exercise of the power upon the payment of just compensation for private property taken or damaged. The grant for public purposes of property the title to which is

vested in the state is in no sense an exercise of the power of eminent domain. But where such a grant by the state to one authorized to exercise the power of eminent domain, involves a necessity for the appropriation of private property as incidental to such use and purpose, just compensation must be made for the appropriation of, or the damage done to, such property. Sioux Falls Light & Power Co. v. Coughran, 27 S. D. 443, 131 N. W. 504.

[6] Appellants contend that there is no legal appropriation or fund from which payment may be made of damages awarded in these proceedings, and that, because property cannot be taken until compensation has first been made, these proceedings cannot be maintained. Appellants are clearly in error. The petition alleges the existence of a state game and fish fund, which is admitted by the demurrer. But, aside from this, chapter 203, Laws of 1915, expressly creates the "state fish and game fund," and authorizes the use of such fund for the purpose of enforcing game laws and the propagation and preservation of fish and game, and other purposes. The fact that this enactment does not specifically provide for payment of damages in condemnation proceedings does not prevent the Legislature from making an appropriation of said fund to pay such damages, and section 4 of chapter 250 expressly appropriated money in said fund for such purpose. This is a sufficient appropriation. State ex rel. v. Anderson, 33 S. D. 574, 146 N. W. 703.

[7] Appellants next contend that the state has no right to divert any part of the water from any stream. It is sufficient to observe that the state, in this instance, does not purpose and is not claiming the right to divert any waters in which riparian owners may have vested rights, and should the state game and fish commission hereafter attempt to divert waters in the beneficial use of which riparian owners have a vested interest, such riparian owners have an ample remedy. That question is not now before us. Henderson v. Goforth, 34 S. D. 441, 148 N. W. 1045; Ison v. Sturgil, 57 Or. 109, 109 Pac. 579; 110 Pac. 535; Canal Co. v. Reed, 26 S. D. 466, at page 487, 128 N. W. 702.

[8] Appellants further contend that it affirmatively appears from the resolution adopted by the commission that the resolution was not adopted because the commission deemed it necessary to condemn certain land, but merely because it appeared that "it

might be done"; in short, that the commission has nowhere declared condemnation and appropriation of the lands necessary for public purposes connected with the duties and functions of the commission. As will be observed from a reading of the resolution, the substance of which is above set forth, it not only contains the express declaration:

"Therefore be it resolved and declared by the state game and fish commission that it is necessary to construct a ditch or conduit upon the land hereinbefore described for the purpose of conveying flood waters, * * * and that it is necessary to take, damage, and appropriate said land for the purpose of preserving and propagating game and fish upon and within said lakes, and that said said lands shall be condemned for such public use."

—but it also contains quite full recitals upon which the declaration of necessity is founded. We deem the resolution entirely sufficient in this respect.

Certain other matters are discussed in appellants' brief which do not require consideration here, as they relate only to elements of damage, assumed to result from the proposed appropriation of appellants' lands. Such matters arise and can be considered only upon procedings for the assessment of the damages.

Finding no error in the record, the order of the trial court is affirmed.