CRAWFORD v. FOSTER.

(Circuit Court of Appeals, Seventh Circuit. February 11, 1898.)

No. 428.

1. REVIVOR OF JUDGMENT—SERVICE OF NOTICE.
  The Indiana statute requires 10 days' personal notice of a proceeding to revive a judgment unless the adverse party "be absent or nonresident, or cannot be found, when service of notice may be made by publication, as in an original action, or in such manner as the court shall direct." Burns' Rev. St. 1894, § 687 (Rev. St. 1881, § 675). Held, that in the case of a nonresident who may be found the court may direct personal service on him by a marshal or deputy, and such service in another state is valid.

2. SPECIAL AND GENERAL APPEARANCE.
  A special appearance for the purpose of objecting to the jurisdiction becomes general if the defendant then disputes the merits of the cause, and no words of reservation can make an appearance special which is in fact to the merits.

3. APPEAL—REVIEW—ORDER REVIVING JUDGMENT.
  On error from proceedings to revive a judgment, in which the court made no special finding, the only questions for review are rulings made on the hearing of the petition.

4. EVIDENCE—EXECUTION—CONTRADICTION OF RETURNS.
  A return showing the levy of an execution is not contradicted by proof of a subsequent disposition of the property levied on.

In Error to the Circuit Court of the United States for the District of Indiana.

This was a motion by William Foster under the Indiana statute to revive a judgment at law against Henry Crawford. An order of revivor was entered in the court below (80 Fed. 991), and the defendant sued out this writ of error. This court, on January 3, 1897, affirmed the judgment (83 Fed. 975), but the appellant has filed a petition for a rehearing.

Henry Crawford and W. R. Crawford, for plaintiff in error.

A. W. Hatch, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The opinion of the court in this case is not at variance with the rule declared in Harkness v. Hyde, 98 U. S. 476, that "illegality," misquoted in the petition for rehearing as "irregularity," in the service of process by which jurisdiction is to be obtained, is not waived by answering to the merits, if there had been first a special appearance, and motion that the service be set aside; but to prevent possible misapprehension a further statement of the case is now made. Nothing more than irregularity in the process or service is alleged here, and that only in particulars which are quite immaterial. The notice required by the statute of Indiana (section 675 of the Revision of 1881; section 687 of Burns' Revision of 1894) is "ten days' personal notice to the adverse party, unless he be absent or nonresident, or cannot be found, when service of notice may be made by publication, as in an original action, or in such manner as the court shall direct." In this case, on presentation of the petition of the appellee the circuit court ordered "that notice be given said Crawford by the clerk that said petition has been filed, and that on the expiration of fifteen days from and after service of said notice on said Crawford by any marshal of the United States, or an authorized deputy of such marshal, the petitioner will be entitled to have execution on said judgment unless cause is shown why the same should not be done." A duly-certified copy of this order was issued, and, as is shown by the return indorsed thereon, was served personally upon the judgment defendant on the 1st day of December, 1896, at the city of New York by the United States marshal for the Southern district of New York. On the ensuing 15th the defendant entered a so-called special appearance in writing, which embraces four propositions, in substance as follows: (1) That the defendant enters a special appearance for the sole purpose of objecting to the jurisdiction of the court. (2) That upon the filing of the petition and motion to revive the judgment the court, without any hearing or oral evidence or notice to the defendant, entered an ex parte order reciting that, unless within 15 days after service of a copy of the order upon the defendant he should show cause, the judgment should be revived, and execution issued for the collection of the same. (3) That at that time the defendant was, and ever had been, a citizen and resident of Chicago, Ill., and not of Indiana or New York; that under section 605 of the Revised Statutes of Indiana the court had no jurisdiction to enter any order allowing execution to issue, except on notice by publication, and for 30 days, and that such ex parte order was irregularly

and improvidently granted, because, under the statute, the court had no jurisdiction to enter any order whatever directing the issue of an execution simply upon the ex parte affidavit of the petitioner; and that the defendant was entitled to a regular hearing of the motion upon oral evidence after due notice had been given. (4) That "this defendant, further reserving all his rights in the premises, shows that it is disclosed in and by the record of said cause in this court that such cause has never been legally tried, or the issues filed by him heard or disposed of, and that such pretended judgment set up in the said petition of said Foster is void upon its face, and incapable of enforcement by execution,"—and concludes with a prayer to the court "to decide that it had no jurisdiction to enter such ex parte order, and that the same should be vacated and annulled." This prayer was denied, and an exception to the ruling duly saved by bill of exceptions.

The plaintiff in error being a nonresident, and absent from the state of Indiana, but not impossible to be found, it was a case for notice in such manner as the court saw fit to direct, and not one in which publication was necessary, if, even, it would have been proper. There is, therefore, no ground for objection to the order entered in so far as it provided for notice to the judgment defendant; and the only further objection urged is to the concluding statement, in the form of a rule nisi, that the petitioner will be entitled to have execution on the judgment if cause to the contrary be not shown. That part of the entry was at once needless and harmless. It in no manner affected the validity of the order for the purpose of notice to the defendant to appear and show what cause he might why the judgment should not be revived. No execution was finally ordered, or in fact issued, until after a proper hearing, at which the defendant was represented by counsel.

It is to be observed in passing that a party cannot be at once in court and out of court. He may not, in the same breath, dispute the merits of the cause alleged against him, and deny jurisdiction of the court over his person. This the plaintiff in error seems to have attempted to do by alleging that the process against him was defective, and that the judgment sought to be revived was void upon its face, and incapable of enforcement by execution; so that, although called special, the first appearance of the defendant probably ought to be regarded as general. No words of reservation can make an appearance special which is in fact to the merits.

The cause was brought to this court by a writ of error, and we adhere to the view that, the court below having made no special finding of the facts, no question touching the merits which did not arise upon a ruling of the court during the progress of the trial—that is to say, upon the hearing of the petition—can be considered. It is urged that section 700 of the Revised Statutes of the United States is applicable only when there is an issue of fact in a civil action, and that, in a proceeding under the Indiana statute to revive a judgment, not only is a trial by jury not contemplated, "but that no pleadings are allowed to be filed, and no issue raised, and that the only question to be determined by the lower court is a question of the amount

remaining due and unpaid upon the judgment, and no other question can be properly determined upon a motion of this character." Whether in such a case pleadings are not to be allowed under any circumstances may be questionable, but it is immaterial here to determine. The question of the amount due and unpaid upon the judgment was, without other pleadings than the petition or motion, an issue of fact upon which any relevant evidence was admissible. For instance, it was competent for the plaintiff in error to show that a prior levy of an execution issued upon the judgment remained undisposed of, and constituted a prima facie satisfaction, and, on the other hand, it was competent for the defendant in error to prove the loss or destruction of the property so levied upon, or any other disposition of it which would remove the inference or presumption of satisfaction of the judgment. No exception has been saved to the admission of evidence on the subject, and, in the absence of a special finding of the facts, it is not within our jurisdiction to consider whether the circuit court reached the right conclusion. It is plain, however, that proof of any subsequent disposition of property levied upon can involve no contradiction of the return showing simply the fact that a levy had been made. The petition is overruled.