(35 Misc. Rep. 280.)

## SCHILLINGER v. HERRMANN.

### (Supreme Court, Appellate Term.   June, 1901.)

1. JURISDICTION—QUESTIONING BY ANSWER.
   An answer stating that defendant answers "without conceding juris-
   diction of this court" is insufficient to challenge such jurisdiction.

2. SAME—PRESUMPTION.
   Where a nonresident of the city of New York is sued in a municipal
   court by a long summons, he cannot overcome the presumption that the
   service was proper, and that the court had jurisdiction, unless he shows
   not only that he was a nonresident, but that he had no place of business
   within said city.

Appeal from municipal court, borough of Manhattan, Seventh dis-
trict.

Action by Frederick G. Schillinger against Henry Herrmann.  Judg-
ment for plaintiff, and defendant appeals.  Affirmed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Goepel & Wahle, for appellant.
Franklin Pierce, for respondent.

PER CURIAM.    This action was commenced in the municipal
court of the city of New York by the service of the usual or "long"
summons.   The complaint was verified, and the defendant served a
verified answer, in which he set up as a first defense a general de-
nial, as a second defense that he was a nonresident of the city of
New York, and as a third defense that there had been a former
litigation between the parties.   The answer was subscribed by his
attorneys in the customary form, without reservation, except that
at the beginning of the answer it is stated that the defendant an-
swers "without conceding the jurisdiction of this court."   It has
recently been decided that an action in a municipal court against a
nonresident defendant must be commenced by the service of the
"short" summons provided for by section 1369 of the Greater New
York charter (Laws 1897, c. 378).   But it has also been held that
subdivision 3 of section 1370 of the same charter, which provide
that "no person who shall have a place in said city for the regular
transaction of business shall be deemed a nonresident under the pr-
visions of this title," creates an exception to section 1369, in that
it authorizes the commencement of an action against a nonresident
who has a regular place of business within the city of New York
by the usual "long" summons such as was issued in the present ac-
tion.   Routenberg v. Schweitzer, 164 N. Y. 566, 58 N. E. 1092.   When
such an action is commenced by a "long" summons formally served
upon the defendant within the said city, the residence of the de-
fendant, and the consequent jurisdiction of the court, will be re-
sumed, without allegations or proof of residence.   Sperry v. Major,
1 E. D. Smith, 361.   So, when a defendant objects that he should
have been served by a short, instead of a long, summons, he must
show the necessary facts to overcome the presumption that, in his
case, the long summons was the proper process.   In other words,
he must show both that he is a nonresident and that he has no place

within the said city for the regular transaction of business; for, if he be either a resident, or have such a place of business, he can be sued by a long summons. The defendant's plea of nonjurisdiction was defective, in that, while he alleged his nonresidence, he failed to allege that he had no place of business within the said city. Even if the defendant could not lawfully be sued by a "short" summons, he did not take the objection properly, or in due season. If the service was void by reason of the defendant's nonresidence, it was as if he had never been served at all. Still, since the action was one which the municipal court had jurisdiction to entertain if properly begun, the defendant could waive any defect in the process, and submit himself to the jurisdiction. If he had not intended to submit himself to the jurisdiction of the court, he should have appeared specially for the purpose of raising the question of jurisdiction by motion, for, where the case is one in which the court can acquire jurisdiction by the proper service of a summons, the fact of nonservice or of defective service cannot be raised by answer. Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884; Goldstein v. Goldsmith, 28 Misc. Rep. 569, 59 N. Y. Supp. 677. So far as concerns the merits, there was a sharp conflict of testimony, upon which the justice decided, as he had a right to do, in favor of the plaintiff. The nonproduction of the note by the plaintiff was sufficiently accounted for.

Judgment affirmed, with costs.