(87 Misc. Rep. 180)

BAXTER v. BRYANT et al.    (No. 268.)

(Supreme Court, Appellate Term, Second Department.   October, 1914.)

1. COURTS (§ 188*)—MUNICIPAL COURT—DISTRICT—MECHANICS' LIENS.

An action in the Municipal Court, a court not of record, to enforce a mechanic's lien, not being an action in equity to foreclose the lien, need not be brought in the borough or county in which the property is situated, but is subject only to Municipal Court Act (Laws 1902, c. 580) § 25, as to the district in which it may be brought.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

2. COURTS (§ 188*) — MUNICIPAL COURTS — JURISDICTION — ENFORCEMENT OF MECHANIC'S LIEN.

Compliance with Lien Law (Consol. Laws, c. 33) § 46, providing that an action to enforce a mechanic's lien in a court not of record shall be

commenced by personal service on the owner of a summons and verified complaint, is necessary only to acquire jurisdiction of the owner, and not to give jurisdiction of the subject-matter.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—PLEADING—SERVICE.

Though the original complaint is verified, service of a copy from which the signatures of the notary and affiant are omitted is insufficient to give jurisdiction of the person, under Lien Law, § 46, providing that an action to enforce a mechanic's lien in a court not of record shall be commenced by service on the owner of a summons and verified complaint.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

4. COURTS (§ 189*)—MUNICIPAL COURTS—GENERAL APPEARANCE—SUBMISSION TO JURISDICTION.

Though Lien ,Law, § 46, provides that an action to enforce a mechanic's lien in a court not of record shall be commenced by service on the owner of a summons and verified complaint, and the copy of complaint served did not have the signatures of the notary and affiant, a general appearance by the owner is a submission to the court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

5. APPEARANCE (§ 9*)—GENERAL APPEARANCE.

Where a defendant appears and answers to the merits, his appearance is general, constituting a submission to the jurisdiction of the court, though he also sets up the defense of want of jurisdiction.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Samuel Baxter against James S. Bryant and another to enforce a mechanic's lien. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

The property was situated in the borough of the Bronx, but the action was brought in the borough of Brooklyn. Defendants' motion to dismiss the complaint, which was granted, was on the ground that the court was without jurisdiction, because the action should have been brought in the borough of the Bronx, and because it was not begun by the service of a verified complaint, as required by section 46 of the Lien Law.

Argued October term, 1914, before BLACKMAR, KELLY, and KAPPER, JJ.

Goldfein & Weltfisch, of New York City, for appellant.

J. Wilson Bryant, of New York City, for respondent J. Wilson Bryant.

Isaac Levison, of New York City, for respondent James S. Bryant.

BLACKMAR, J. [1] There is no provision of law that an action to enforce a mechanic's lien in the Municipal Court must be brought in the borough or county where the property is situated. The action is not an action in equity to foreclose the lien, but is an action to enforce the lien only, in which judgment may be entered and execution issued against the interest of the owner in the property which is subject to the

lien. The action is an action in a court not of record, and is subject to the provisions of section 25 of the Municipal Court Act (Laws 1902, c. 580) as to the district in which the action may be brought.

[2-4] Section 46 of the Lien Law (Consol. Laws, c. 33) prescribes that an action to enforce a mechanic's lien in a court not of record shall be commenced by the personal service upon the owner of a summons and verified complaint. The complaint alleges that the defendants James S. Bryant and J. Wilson Bryant are the owners of the premises. As appears by the return, the complaint was verified. There are annexed to the return two copies of the complaint, the original being verified and a copy from which the signatures of the notary and the affiant are omitted. We may, therefore, assume that the original complaint was duly verified, and that, by mistake, a defective copy was served upon the defendant James S. Bryant. James S. Bryant appeared and answered to the merits without raising the question of jurisdiction. J. Wilson Bryant was not served, but appeared voluntarily and answered to the merits, but set up the defense that the court had no jurisdiction.

The question of the jurisdiction of the court is twofold: (1) Has the court jurisdiction over the subject-matter? (2) Has it jurisdiction over the persons of the defendants? In this case, the court has undoubted jurisdiction over the subject-matter. This jurisdiction is not made to depend upon any conditions whatever. It is, however, provided that the action must be commenced by the service of a summons and a verified complaint on the owner. That means that the jurisdiction of the person must be acquired in such manner. The copy served upon the defendant James S. Bryant was not complete, in that it did not appear to be verified. The court, therefore, did not obtain jurisdiction over him by this service; but, notwithstanding this, he appeared generally in the action and answered, thereby submitting to the jurisdiction of the court. Section 26, Municipal Court Act. There is no reason why a voluntary appearance is not as much a submitting to the jurisdiction of the court, when such jurisdiction can be obtained only by service of the summons and verified complaint, as when it can be obtained by the service of the summons only.

[5] As to the defendant J. Wilson Bryant, he appeared voluntarily without service of papers and thereby submitted to the jurisdiction of the court. He cannot voluntarily appear generally, and at the same time claim that he is not subject to the jurisdiction of the court. His appearance was not a special appearance for the purpose of raising that question, but was a general appearance, accompanied by an answer to the merits. Schillinger v. Herrmann, 35 Misc. Rep. 280, 71 N. Y. Supp. 778. This is not like a case where the jurisdiction of the court depends upon residence or place of business of the defendant. Section 46 of the Lien Law prescribes, not a condition of jurisdiction, but the manner only in which jurisdiction over the defendant may be obtained.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. Case set for trial for November 23, 1914.

KELLY and KAPPER, JJ., concur.