**COLLINS et al. v. FINLEY.**

No. 7056.

Circuit Court of Appeals, Ninth Circuit.

June 13, 1933.

John W. Ray, of Phœnix, Ariz., for appellants.

W. S. Norviel and Scott L. Norviel, both of Phœnix, Ariz., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from a decree foreclosing a $15,000 mortgage on certain real property situated in the city of Phœnix,

*Rehearing denied July 24, 1933.

Ariz., owned by appellant Collins, the mortgagor. The decree also ordered a personal judgment for $15,000 against Collins, to be satisfied, so far as possible, out of the proceeds of the sale of the mortgaged property, and authorized a deficiency judgment against him for the balance, if any. It was also adjudged and decreed that appellant Mosher, the mother-in-law and attorney in fact of appellant Collins, has no right, title, or interest in the said property.

The note sued upon was executed in June, 1929, by Mrs. Mosher, who at the time purported to act for Collins, the note being signed "James D. Collins, by H. L. Mosher, attorney in fact," and was payable to appellee, Finley, the mortgagee. This note was a renewal of a previous note and mortgage given in 1926 and similarly executed. Mrs. Mosher held a general power of attorney from Collins on all of the dates mentioned, authorizing her to "mortgage and hypothecate lands, tenements, and hereditaments, upon such terms and conditions, and under such covenants, as she shall think fit," and for said Collins, and in his name and as his act and deed to execute, acknowledge, and deliver such mortgage.

The property in question was originally the property of Mrs. Mosher, who, in 1908, deeded it to her daughter, and the daughter, in turn, conveyed it to Collins, to whom she was married.

The suit was filed in the superior court of Maricopa county, Ariz., and by appellant Collins, a citizen and resident of the state of Oregon, removed to the United States District Court for the District of Arizona. Appellant Collins appeared specially in the District Court and moved to dismiss the complaint "for the reason and on the grounds that the same does not state facts sufficient to constitute a cause of action in equity against this defendant, or a cause of action at law against this defendant." This was a general appearance.

Thereafter, and prior to the ruling by the court on the motion, the appellee, by leave of the court, filed an amended complaint. The original complaint alleged that Mrs. Mosher was a joint obligor. The amended complaint omitted that allegation, but alleged that she had or claimed some interest in the mortgaged property. The amended complaint contained no new cause of action against appellant Collins, nor was it a departure from the cause of action set forth in the original complaint. A copy of the amended complaint was served upon ap-

pellant Collins by delivering a copy thereof to his counsel.

Appellant Collins then filed a pleading entitled "Special Appearance and Objections to Jurisdiction," in which pleading he stated that he was "appearing specially to the amended complaint to question the jurisdiction of the court, and for that purpose only." To the action of the court in overruling such objections to the jurisdiction, an exception was duly noted. Appellant Collins thereafter filed a separate answer to the complaint as amended.

At the trial appellee testified that he made the loan to Collins, through Mrs. Mosher who represented to him that she was acting as the agent of Collins; that he did not make the loan to Mrs. Mosher personally; that Mrs. Mosher did not tell him that she intended to use the money for herself; that he did not ask her what she intended to do with it, but that he believed that Mrs. Mosher said something about improving or building, or paying taxes on Collins' property. He admitted that the interest on the indebtedness was paid from time to time by the personal checks of Mrs. Mosher, and that when the note was renewed he knew that no improvements had been made on the property. Mrs. Mosher testified that she obtained the loan and executed the mortgage without the knowledge of her principal Collins, and that she thought she told Finley she was obtaining the money for her own use. She had previously stated under oath in her separate answer filed in the superior court that she had signed the note and mortgage as attorney in fact for Collins and that "the same was executed, signed and delivered as the obligation of said Collins only."

Appellant contends that the decision of the trial court is erroneous and that "the evidence conclusively shows that the loan was to H. L. Mosher personally and not to Collins."

As was said by Judge Rudkin, in the case of Easton v. Brant (C. C. A.) 19 F. (2d) 857, 859, "the appellant is confronted by two well-established principles of law, from which there is little or no dissent: First, the findings of the chancellor, based on testimony taken in open court, are presumptively correct and will not be disturbed on appeal, save for obvious error of law or serious mistake of fact." The second principle above

referred to has no application here. See, also, Jones v. Jones (C. C. A. 9) 35 F. (2d) 943, and United States v. McGowan (C. C. A. 9) 62 F. (2d) 955, 957.

This consideration alone requires an affirmance of the trial court's findings on the facts. We will say, however, that a careful review of the evidence convinces us that there is "no obvious error of law or serious mistake of fact" contained in the record. In fact, the decree is supported by and is in accordance with the evidence. We have not here set forth the evidence in detail, for the reason that it would serve no useful purpose to do so.

The appellant Collins was not called as a witness, but his answers to certain interrogatories propounded by the plaintiff were read in evidence. In answer thereto he stated his name and residence; the fact that he was the defendant; that Mr. John W. Ray was his attorney; that he signed the original power of attorney, which bears the signature of two attesting witnesses; that he acknowledged the power of attorney before a notary; that he assumed the date shown on the copy to be correct; that he received the same from Mrs. Mosher, the other defendant in the case, and that he had never revoked it; that on June 28, 1929, the property described in the mortgage stood in his name by deed; that he thought he was the owner of the property; and that he had never conveyed the same.

We think the above rule is applicable here, notwithstanding the fact that the testimony of appellant Collins was given in answer to interrogatories propounded to him. As we have seen, his testimony was not in conflict with the testimony of the witnesses who testified in open court. The question before the court was not whether appellant Collins was a citizen of Oregon, et cetera, as there was no conflict in the evidence in that regard, but rather whether, under all of the circumstances, Mrs. Mosher, acting under the general and almost unlimited power of attorney, borrowed the money for Collins, as she was authorized to do, and not for herself.

We find no reversible error in the orders overruling appellant Collins' objections to the jurisdiction of the court, nor in any of the other rulings to which error is assigned.

The decree is affirmed.