**JOHNSON & GOULD v. JOSEPH SCHLITZ BREWING CO.**
No. 25.

District Court, E. D. Tennessee, S. D.
Sept. 1, 1939.

Whitaker & Whitaker, of Chattanooga, Tenn., for plaintiff.

Sizer, Chambless & Kefauver, of Chattanooga, Tenn., and Walter D. Corrigan, Sr., and Francis H. Parson, both of Milwaukee, Wis., for defendant.

DARR, District Judge.

Plaintiff brought action in this court against Joseph Schlitz Brewing Company, a Wisconsin corporation. The motion sets out that the defendant is not in court as to the second and third counts of the complaint because of want of proper service of process.

The original complaint was filed January 31, 1939. On February 20, 1939, the defendant filed a motion to dismiss for want of proper service or for want of jurisdiction of person. Thereafter certain amendments were made, and on March 22, 1939, the defendant again filed a motion to dismiss for want of service and also included in the motion the following grounds, "To dismiss the action because the complaint failed to state a claim against the defendant upon which the relief can be granted." This same ground of motion is as to each of the three counts. On this same date the defendant filed a motion asking for a more definite statement or a bill of particulars.

The motion to quash the service raises serious questions, but it is my opinion that the defendant has waited too late to have this matter determined by reason of having filed a motion for a more definite statement or bill of particulars.

The court has jurisdiction of the subject matter of the law suit by reason of diversity of citizenship. The only question is whether the court has acquired jurisdiction of the person of the defendant.

Except for the provisions of Rule 12 (b), and Rule 12 (g), of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, I think the defendant would have entered a general appearance by reason of having filed a motion to dismiss the complaint upon the merits. But under the provision of the Rule indicated, a defendant may join a motion questioning the jurisdiction of the person with a motion to dismiss because of want of merit of the complaint.

But the provisions are not the same as to Rule 12 (e) providing for a motion for a more definite statement or bill of particulars. So far as this case is concerned the time for filing such motion was, "Before responding to a pleading * * *." It is my judgment that the response to the pleading must be by another pleading and not by a motion. A motion is not a pleading even though the motion be in writing. I think that the motion for a bill of particulars is properly before the court even though it was filed simultaneously with the motion to quash the service.

As indicated, this motion for a bill of particulars is filed by permission of Rule 12(e) of the Rules of Civil Procedure. As I view the Rule it contemplates use by a party who is *in court*. Under its provisions a party may make a motion to require

the plaintiff to more particularly set out his grounds of action whereby the party can prepare his defense and get ready for a trial on the merits. He is either in court or out of court. He can't assume the position that he questions the jurisdiction of his person, and yet undertake to require the plaintiff to make a more particular statement of his grounds of action whereby he can prepare his defense and get ready for trial. A party over whose person the court had no jurisdiction would not be concerned in trying to secure information whereby he could prepare his defensive pleading and get ready for the trial.

It seems plain to me that a defendant who assumes to take to himself the privileges of Rule 12 (e) thereby acknowledges himself as being in court and enters a general appearance.

■ It is said that under the provisions of Rule 12 no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. The theory of the Rule is that the quick presentation of defenses or objections should be encouraged.

■ But a motion for a more specific statement or for a bill of particulars is not a defense or objection in a responsive pleading or motion. The Rule doesn't contemplate this motion as being a defense or objection. I am of the opinion that the idea of Rule 12, in this respect, is that a defendant, after exhausting the defenses by motions as provided in (1) to (5) of (b) would, if he see fit, and before he files a responsive pleading, if one is required, move for a more definite statement or bill of particulars whereby he could prepare his responsive pleadings and get ready for the trial. If the defendant claims that the court has no jurisdiction of his person, he should first raise this question as provided in the (b) section of the Rule 12, by motion. I say by motion, for if the defendant had in mind to ask for a bill of particulars, he could not raise the question by answer as it would then be too late for a motion for a bill of particulars. It is to be remembered that the objection for lack of jurisdiction over the person strikes at the process and not at the complaint. Getting back to the inevitable conclusion that a person who is a party to a suit making a motion for a more definite statement or for a bill of particulars is a person who acknowledges himself to be duly in court and preparing for his defense.

■ This ruling is made with full realization that the Rules of Civil Procedure should be liberally construed to expedite litigation, to save cost and to reach justice, yet the liberality of the construction must be circumscribed by the provisions of the Rules.

■ Irrespective of the Rules of Civil Procedure, motions which are based wholly or in part on other than jurisdictional grounds constitute a general appearance. Sholtz v. United States ex rel. Ben Hur Life Ass'n, 5 Cir., 82 F.2d 780; Collins v. Finley, 9 Cir., 65 F.2d 625; Woodside v. United States, 4 Cir., 60 F.2d 823; Dana v. Searight, 10 Cir., 47 F.2d 38, certiorari denied, 283 U.S. 856, 51 S.Ct. 649, 75 L. Ed. 1462; Burke v. Monumental Division, No. 52, Brotherhood of Locomotive Engineers, D.C., 273 F. 707.

■ This rule of law applies to a motion for a bill of particulars. Hotchkiss v. Vanderpoel Co., 139 Ill.App. 325; Wetmore State Bank v. Courter, 97 Kan. 178, 155 P. 27, 28.

It is true that now, under Rule 12, sections (e) and (g) of the Rules of Civil Procedure, all defenses may be joined in one motion or one pleading. But there is no change in the law, as I see it, as affects the proceedings provided by Rule 12, section (e) for the filing of a motion for a more definite statement or for a bill of particulars. As to this, I think the law is and should be as it has been.

■ There is no significance in the fact that the motion to quash the service and the motion for a bill of particulars were filed and pending at the same time. If a party by his actions formally recognizes that he is in court for the purpose of defending on the merits, he has entered a general appearance regardless of the other situation concerning the case. He can't be in court and out of court at the same time. Lowry et al. v. Tile, Mantel & Grate Ass'n et al., C.C., 98 F. 817; Crawford v. Foster, 7 Cir., 84 F. 939, 28 C.C.A. 576; Thames & Mersey Marine Ins. Co. v. United States, 237 U.S. 19, 35 S.Ct. 496, 59 L.Ed. 821, Ann.Cas.1915D, 1087; Baxter v. Bryant, 87 Misc. 180, 149 N.Y.S. 527, 529; Davis v. Standard Oil Co., 8 Cir., 47 F.2d 48, 50; Jones v. Andrews, 77 U.S. 327, 19 L.Ed. 935; Christensen v. Christensen, D.C., 14 F.2d 475.

Having this view of the present condition of the case wherein I am of the opinion that the defendant, Joseph Schlitz Brewing Company, has entered a general appearance, a motion to quash the return of the service becomes vanity, and is, therefore, overruled.

An order in accord with this opinion will be prepared for entry.