1. The plaintiff has a right to maintain this action under the Federal Tort Claims Act.

2. The plaintiff had a right to use a public highway, and the "driver is under the duty of exercising reasonable care to avoid inflicting injury upon others who may be * * * using the same highway." Tenn. Mill & Feed Co. v. Giles, 211 Ala. 44, 99 So. 84, 86.

3. The United States is liable in the same manner and to the same extent as a private individual under like circumstances.

4. In determining whether the United States is liable, the Court applies the law of the State of Alabama.

5. Thomas W. McClellan, while acting within the line and scope of his employment by the United States Veterans Administration, negligently injured the plaintiff by negligently driving said automobile on a wet, slippery road in the face of oncoming traffic at a grossly excessive rate of speed.

6. The plaintiff is entitled to judgment against the defendant in such sum as will reasonably compensate him for his injuries, for his pain and suffering, for loss of employment, for medical and hospital expense, and for loss of earning capacity, which sum the Court finds to be the amount of $3,500.

7. The fees to be allowed the plaintiff's attorneys are fixed by the Court at $525, being 15% of the amount so allowed the plaintiff, to be paid from the proceeds of such recovery.

### Judgment

It is ordered, adjudged, and decreed by the Court that the Plaintiff do have and recover of the defendant the sum of $3,500, together with the costs of this Court which are taxed against the defendant; however, no attorney's docket fee is taxed.

It is further ordered that out of the proceeds of such recovery, the plaintiff's attorneys are allowed as attorney's fees for their legal services in this cause the sum of $525.

### NEW YORK SURPLUS & JOBBING CORPORATION v. S. S. ANDREW JACKSON, her engines, etc., et al.

United States District Court
S. D. New York.
June 22, 1950.

Hill, Rivkins & Middleton, New York City, and Arthur O. Louis and Mark T. Walsh, New York City, advocates, for libelant.

Kirlin, Campbell, Hickox & Keating, New York City, and L. de Grove Potter, New York City, for respondents.

McGOHEY, District Judge.

Libelant excepted to all 118 interrogatories propounded by respondents, on the following grounds: (a) that they are so numerous as to be unreasonable; (b) that they are irrelevant, incompetent and immaterial; and (c) that they ask the most minute details concerning each of 3840 packages which comprised the shipment in suit. It is claimed that the shipments were in damaged condition on arrival in New York, although in good condition when received by respondents, as shown by the bills of lading.

Part of the shipment was delivered to respondents at Manila and part at Hong Kong. Each part is the subject of about one-half of the interrogatories. They are indeed numerous; and exceed 118 in number, because many contain multiple and searching inquiries. About one-half of the interrogatories are, in my opinion, improper. However, such general objections as stated above are not much help to the Court. Indeed, they seem to have been abandoned in the brief because, although substantial specific objections are taken to most of the interrogatories, thirty-nine are not discussed at all.

The Admiralty Rules, 28 U.S. C.A., like the Federal Civil Procedure Rules, 28 U.S.C.A., should be liberally construed to accomplish the just and expeditious disposition of litigation. It is well settled that the discovery processes should not be circumscribed by technical refinements. While it is true that the processes cannot be used to make one party prepare his adversary's case, yet relevant matters in a party's knowledge should be answered when he is properly called on to do so. Admissibility at the trial is not the test on interrogatories. The test is rather whether the answers may reasonably be thought to lead to discovery of admissible evidence.

After careful consideration of the pleadings, the interrogatories and the briefs, I have reached the conclusions hereafter set forth. The libelant's failure to except specifically to thirty-nine interrogatories is deemed to be a waiver of objections as to them. Moreover, these interrogatories are deemed proper and should be answered. They are the following: 9, 10, 11, 14, 15, 16, 17, 18, 19, 40(a), (b) and (c), 45, 46 [except (a) which need not be answered], 49, 50, 52, 53, 54, 55, 56, 58 [except (a) which need not be answered], 59, 62, 67, 68, 69, 72, 73, 74, 75, 76, 77, 98, 109, 110, 112, 113, 114, 115, 116.

The specific objections are overruled as to thirteen interrogatories, numbered: 1, 4, 12, 20, 34, 37, 47, 70, 78, 92, 95, 105, 107.

The specific objections are sustained in full as to the fifty-one interrogatories numbered: 2, 3, 5, 6, 7, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 38, 39, 41, 43, 48, 51, 57, 60, 61, 63, 64, 65, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 93, 96, 97, 99, 101, 103, 108, 111, 117.

This leaves fifteen interrogatories, the objections to which are disposed of as follows: Numbers 36 and 94 call for information about various possible inspections of the goods. Libelant offers to fur-

nish respondents with the circumstances and results of the inspection made in April, 1948, the month when the goods were shipped. In view of this offer, the objections to everything else called for by numbers 36 and 94 are sustained. The objections to the remaining thirteen interrogatories are sustained in part as follows: 8, only as to the last sentence; 13, as to the demand for the true copy of the confirmation; 21, as to subdivisions (a) and (b); 42, as to subdivisions (b), (c), (e); 44, as to subdivision (c); 66, as to the last sentence; 71, as to the demand for a true copy; 79, as to subdivisions (a) and (b); 100, as to subdivision (d); 102, as to subdivisions (b), (c) and (e); 104, as to subdivision (c); 106, as to subdivision (a); 118, as to subdivision (a).

Settle order.