Anna **TSANGARAKIS**, individually, and Anna Tsangarakis, personal representative and administratrix of the goods, chattels, credits and estate of Georgios Tsangarakis, deceased, Libellant,

v.

**PANAMA STEAMSHIP COMPANY, Ltd.,** S. G. Embiricos, Ltd., Captain Paleokrasas, F. A. Klidonieos, and Texas Transport & Terminal Co., Inc., Respondents.

No. 397 of 1959.

United States District Court
E. D. Pennsylvania.
July 6, 1960.

Stassen, Kephart, Sarkis & Scullin, F. D. Sarkis, Philadelphia, Pa., for libellant.

Rawle & Henderson, Harrison G. Kildare, Philadelphia, Pa., for respondent.

KRAFT, District Judge.

This action in admiralty presents a claim for damages by libellant in her own right, and as personal representative and administratrix of the estate of Georgios Tsangarakis, deceased, arising from the alleged wrongful death of the decedent at sea on or about November 16, 1957, while serving as a member of the crew of the Liberian steamship Nikolos.

On December 2, 1959, all the respondents except Texas Transport & Terminal Co., Inc., ("Texas") filed a motion to set aside service, accompanied by an affidavit that Texas—upon whom service had been made as "agent" for the other respondents—had no authority to act as agent for them on the dates of service. Libellant filed no answer to this motion, and presented no countervailing affidavit.

On December 22, 1959, and before hearing upon the motion to set aside service, all respondents filed exceptions to the libel together with exceptive allegations. Both the motion to set aside service and the exceptions are now before us after oral and written argument.

Libellant contends that respondents' filing of exceptions and exceptive allegations constituted a general appearance and cured all defects of service. We think libellant's contention is correct. Clearly, under the authorities, the exceptions raised the question of "choice of law", rather than that of admiralty jurisdiction of the subject matter, as respondents contend.

Libellant bases her right of recovery on the general maritime law of the United States "and all statutes amendatory thereof", including the Jones Act, 46 U.S.C.A. § 688. Libellant is a citizen and national of Greece, as was the decedent. The Nikolos was a ship of Liberian flag and registry, owned and operated by foreign corporations and individuals. Decedent's injuries and death occurred while the vessel was "on the high seas off the coast of Florida or waters adjacent to the United States within the maritime jurisdiction of the United States * * * and enroute from South American ports and ports of the West Indies to a port or ports of the United States."

Respondents' real contention, as we understand it, is that in these circumstances the law of the United States is with-

out application. They rely almost entirely on Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, and Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368. These cases do, indeed, appear to support respondents' contention, but both opinions expressly deny that the question is one of jurisdiction. We can add nothing to what this Court (Goodrich, J., specially presiding) said in a recent opinion in two cases [1] which likewise involved the "choice of law" problem:

> "The motions to dismiss are supported by two arguments. The first is that the court lacks jurisdiction to deal with the case. For this proposition there is urged Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S. Ct. 921, 97 L.Ed. 1254 and Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368. Reliance upon these cases for the point made is badly grounded. The problem in each, insofar as is relevant here, was not whether a United States district court had jurisdiction to hear the case, but the question of what law should be applied. It is sunclear from the reading of the first paragraph after the statement of facts of the Court's opinion in each case, 345 U.S. at pages 574–575, 73 S.Ct. at page 924; 358 U.S. at page 359, 79 S.Ct. at page 473, that the whole discussion that followed proceeded on the theory that the court did have authority to hear and decide. Then the Supreme Court turned its attention to the question how the case should be decided. The first argument of the respondents is, therefore, rejected as unsound."

█ It is clear, then, that respondents' exceptions go not to the question of jurisdiction, but to the merits of the case. It is the general rule that a party who appears in court and attacks the merits of a claim against him thereby automatically submits himself to the jurisdiction of the court, notwithstanding the attempted entry of an appearance for the purpose merely of challenging the jurisdiction. Wormley Estate, 1948, 359 Pa. 295, 59 A.2d 98; Collins v. Finley, 9 Cir., 1933, 65 F.2d 625; 6 C.J.S. Appearances § 13. While the rule is otherwise under the Federal Rules of Civil Procedure, these Rules do not apply to proceedings in admiralty. See F.R.Civ.P. 81(a) (1), 28 U.S.C.A. It has been said that the Admiralty Rules, like the Rules of Civil Procedure, should be liberally construed to accomplish the just and expeditious disposition of litigation, New York Surplus & Jobbing Corp. v. S. S. Andrew Jackson, D.C., 90 F.Supp. 959, but there is no authority for assimilating the practice in admiralty to that in civil litigation, in present regard. To the contrary, the rule in admiralty is the same as at common law. In Kunglig Jarnvagsstyrelsen v. United States, 2 Cir., 1927, 19 F.2d 761, it was held (at page 763):

> "These exceptions do not raise merely the question of the jurisdiction of the court as such. There is a plea to the merits of the controversy. We have in name a special appearance, but in fact a general appearance. The jurisdiction of the District Court as such is accepted by the appellee to determine the sufficiency of the libel and, indeed, the controversy on the facts and law. (Citing cases)."

Respondents' motion to set aside service will, therefore, be denied.

Libellant, after the argument on respondents' motions, filed a motion to amend her libel which respondents oppose. In the circumstances we think it better to defer decision on respondents' exceptions and exceptive allegations until disposition of libellant's motion to amend has been made.

---

1. Kontos v. Liberian S.S. Sophie C. et al. (Zarifis v. Liberian S.S. Sophie C. et al.), D. C., 184 F.Supp. 835.